IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARCO DODA, DODA USA, INC., AND DODA COSTRUZIONE MACCHINE AGRICOLE, DI DODA ALDO E C. SNC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 17-604 (GMS) |
| v. | ) ) ) | **PUBLIC VERSION** |
| WASTE MANAGEMENT, INC., WM INTELLECTUAL PROPERTY HOLDINGS, LLC, WASTE MANAGEMENT NATIONAL SERVICES, INC., and JAMES L. DENSON, JR., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
COUNT IV OF THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) OR 12(b)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mdellinger@mnat.com
 *Attorneys for Waste Management, Inc.,*
 *WM Intellectual Property Holdings, LLC,*
 *Waste Management National Services, Inc., and*
 *James L. Denson, Jr.*

OF COUNSEL:

David M. Stein
H. Josh Ji
GREENBERG GROSS LLP
650 Town Center Drive
Suite 1700
Costa Mesa, CA  92626

Original Filing Date: July 17, 2017
Redacted Filing Date: July 21, 2017

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.      NATURE AND STAGE OF THE PROCEEDINGS ............................................... 1

II.     SUMMARY OF ARGUMENT ................................................................................ 1

III.    STATEMENT OF FACTS ....................................................................................... 2

IV.     ARGUMENT ............................................................................................................ 3

        A.      The Court Lacks Subject Matter Jurisdiction over Count IV ...................... 3

                1.      Legal Standard ................................................................................. 3

                2.      Plaintiffs Have Not Alleged Any Harm that Could
                        Support a Case or Controversy ........................................................ 4

        B.      Count IV Fails to State a Claim on Which Relief Can Be
                Granted Because Plaintiffs Plead No Facts to Support
                Count IV ...................................................................................................... 6

V.      CONCLUSION ......................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................ 1, 6-7

*Creative Compounds, LLC v. Starmark Labs.*,
    651 F.3d 1303 (Fed. Cir. 2011).................................................................................3, 5

*EMC Corp. v. Zerto, Inc.*,
    C.A. No. 12-956-GMS, 2014 WL 3809365 (D. Del. July 31, 2014)................................ 1, 6-7

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997).......................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)................................................................................................ 1, 3-4

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977).........................................................................................2

*Prasco LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008).................................................................................. 4-5

*RKO-Stanley Warner Theatres, Inc. v. Mellon Nat'l Bank & Tr. Co.*,
    436 F.2d 1297 (3d Cir. 1970).......................................................................................6

*Senju Pharm. Co. v. Apotex, Inc.*
    921 F. Supp. 2d 297 (D. Del. 2013)...............................................................................7

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
    665 F.3d 1269 (Fed. Cir. 2012).................................................................................. 4-5

**Rules and Statutes**

Fed. R. Civ. P. 8(a)(2)..................................................................................................6

Fed. R. Civ. P. 8(a)(3)..................................................................................................6

Fed. R. Civ. P. 12(b)(1)............................................................................................ 1-2, 7

Fed. R. Civ. P. 12(b)(6)......................................................................................... 1-2, 6-7

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On May 25, 2017, plaintiffs Marco Doda, Doda USA, Inc., and Doda Costruzione Macchine Agricole, di Doda Aldo e C. snc (collectively, "Plaintiffs") filed a complaint ("the Complaint") purporting to assert claims for Correction of Inventorship of U.S. Patent No. 8,926,841 (the "'841 Patent") pursuant to 35 U.S.C. § 256 (Count I), state law contract claims (Counts II and III), and a declaratory judgment claim asserting invalidity of the '841 Patent under "35 U.S.C. §§ 101, 102, and/or 103,  . . . 35 U.S.C. §§ 112, 115, 116, 256, and other applicable statutory provisions."  D.I. 1 at 18–24.

Defendants now move to dismiss Count IV of the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  This is Defendants' Opening Brief in Support of their motion.

## II.     SUMMARY OF ARGUMENT

1. Count IV should be dismissed for lack of subject matter jurisdiction because there is no cognizable case or controversy concerning the validity of the '841 Patent under *MedImmune*.  The '841 Patent has not been asserted against Plaintiffs and Plaintiffs have not alleged, and cannot allege, any redressable harm to them.   As a result, Count IV should be dismissed for lack of subject matter jurisdiction.

2. In the alternative, Count IV should be dismissed for failure to allege plausible facts that could state a claim for relief.  Count IV is nothing more than a formulaic recitation of bare bones legal conclusions nearly identical to that in *EMC Corp. v. Zerto, Inc.*, C.A. No. 12-956-GMS, 2014 WL 3809365 at *2 (D. Del. July 31, 2014), which this Court found insufficient to satisfy the pleading requirements of *Twombly* and *Iqbal*.  Therefore, alternatively, Count IV should be dismissed for failure to state a claim on which relief can be granted.

### III.   STATEMENT OF FACTS

The entirety of Count IV of the Complaint recites only:

117.  Plaintiffs incorporate herein by reference each of the above-outlined Paragraphs as if fully set forth herein.

118.  There is an actual and justiciable controversy between Plaintiffs and Defendants about the validity of the '841 Patent.

119.  The '841 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, 115, 116, 256, and other applicable statutory provisions.

120.  Plaintiffs are entitled to a declaration that one or more claims of the '841 Patent are invalid.

D.I. 1, ¶¶ 117–20.  Although comprising twenty-four pages with one hundred and twenty

paragraphs of colorful descriptions of Plaintiffs' interpretation of various agreements and

business dealings between the parties, what is noticeably absent is any facts that pertain in any

way to Count IV.  For example, the Complaint is devoid of any factual allegations with respect

to any purported conduct by Defendants putting Plaintiffs in apprehension of being sued for

infringement of the '841 Patent (or any other purported injury caused by the validity of the '841

Patent) or even any mention of any product made or sold by Plaintiffs that could be alleged to

infringe the '841 Patent.

That there are no facts that could demonstrate the threat of an infringement suit

(or any other purported harm) in the Complaint is confirmed by the parties' own framing of the

disputes between them in the "Tolling Agreement" relied upon in paragraph 83 of the

Complaint.[1]  Ex. 1.  The Tolling Agreement explicitly defined the "Disputed Issues" as:

---

[1] In reviewing a factual attack on jurisdiction under Rule 12(b)(1), the court may consider evidence outside the pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In the context of Rule 12(b)(6), a "document integral to or explicitly relied upon
(Continued . . .)

> [T]he ownership of certain intellectual property as generally set
> forth in U.S. Patent No. 8,926,841 (the "'841 Patent"), alleged
> violations of certain non-disclosure and confidentiality agreements
> between the Parties, including but not limited to that certain
> Mutual Nondisclosure Agreement between DODA and WM dated
> December 9, 2010, that certain Letter of Intent between DODA
> and WM dated December 31, 2010, and that certain Mutual
> Confidentiality and Nondisclosure Agreement between DODA and
> WM dated April 13, 2012, the ownership of and the rights to be
> included as an inventor on the '841 Patent, and the rights of the
> Parties with respect to those matters.

Ex. 1 at 1.  Thus, the Tolling Agreement confirms that there was and is no dispute amongst the

parties regarding infringement of the '841 Patent.

### IV.     ARGUMENT

#### A.     The Court Lacks Subject Matter Jurisdiction over Count IV

##### 1.     Legal Standard

"Subject matter jurisdiction in declaratory judgment actions exists when 'the

facts alleged, under all the circumstances, show that there is a substantial controversy, between

the parties having adverse legal interests, of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment.'"  *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d

1303, 1316 (Fed. Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127

(2007)).

Under *MedImmune*, there is no bright line rule for determining when a declaratory

judgment action satisfies the case or controversy requirement—the court must look at "all the

circumstances."  But a declaratory judgment plaintiff must show that the dispute is "definite and

---

(. . . continued)
in the complaint may be considered without converting the motion into one for summary
judgment."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)
(internal quotation marks omitted).

concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 549 U.S. at 127 (internal quotation marks and brackets omitted).

"*MedImmune* does not change our long-standing rule that the existence of a patent is not sufficient to establish declaratory judgment jurisdiction. . . .  The mere existence of a potentially adverse patent does not cause an injury nor create an imminent risk of an injury[,] absent action by the patentee . . . ." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008).   Further, "*MedImmune* does not stand for the proposition that an Article III case or controversy exists automatically whenever a competitor desires to mount a validity challenge.  Under *MedImmune*, a party seeking declaratory judgment still 'has the burden of establishing the existence of an actual case or controversy.'" *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012) (quoting *MedImmune*, 549 U.S. at 140) (finding no subject matter jurisdiction for a counterclaim for declaratory judgment of invalidity of unasserted claims where plaintiff had sued for infringement of other claims of that same patent).

Here there is no injury to Plaintiffs that could be redressed by a declaratory judgment of invalidity of the '841 Patent, as the Complaint and its supporting papers makes clear.  Thus, at most, Plaintiffs here ask the Court to render an improper advisory opinion.

### 2.      Plaintiffs Have Not Alleged Any Harm that Could Support a Case or Controversy

"Although the Supreme Court rejected the reasonable apprehension of suit test as the *sole* test for jurisdiction, 'it did not completely do away with the relevance of a reasonable apprehension of suit.'  Instead, in the wake of *MedImmune*, 'proving a reasonable apprehension

of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general

all-the-circumstances test' to establish jurisdiction." *Streck*, 665 F.3d at 1282 (internal citations

omitted) (quoting *Prasco*, 537 F.3d at 1336).

In *Creative Compounds*, for example, the Federal Circuit found that, although the

patent holder had sent notice letters to others in the industry, there was no declaratory judgment

jurisdiction for an invalidity counterclaim because the patent holder had never accused the

counterclaimant of infringing its patent.  651 F.3d at 1316.  Here, Plaintiffs plead no facts that

could support the Court's declaratory judgment jurisdiction.  Plaintiffs do not plead that

Defendants have threatened them with patent infringement.  *See generally* D.I. 1.  Indeed,

Plaintiffs plead no facts indicating that they even make, use, sell, or offer to sell a product that

could be alleged to infringe the '841 Patent.  *Id.*

Additionally, Plaintiffs' own characterization of the "Disputed Issues" belies its

unsupported legal conclusion that "[t]here is an actual and justiciable controversy between

Plaintiffs and Defendants about the validity of the '841 Patent" (D.I. 1, ¶ 118).  In the Tolling

Agreement referenced in Paragraph 83 of the Complaint, the "Disputed Issues" were defined as

"the ownership of certain intellectual property as generally set forth in [the '841 Patent], alleged

violations of certain non-disclosure and confidentiality agreements between the Parties . . . the

ownership of and rights to be included as an inventor on the '841 Patent, and the rights of the

Parties with respect to those matters."  Ex. 1 at 1.  Absent from this list is any mention of threats

of infringement suits or concerns that Plaintiffs would be prevented from selling their products

that could potentially support a declaratory judgment suit for invalidity of the '841 Patent.

Because Plaintiffs have suffered no injury due to the validity of the '841 Patent, there is no case

5

or controversy for the Court to resolve, and any determination the Court made with respect to the

'841 Patent could be nothing more than an improper advisory opinion.

### B.    Count IV Fails to State a Claim on Which Relief Can Be Granted Because Plaintiffs Plead No Facts to Support Count IV

To the extent the Court nonetheless finds that subject matter jurisdiction exists,

Count IV is insufficiently pled and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Count IV

fails to state a claim on which relief can be granted because it does not meet the requirements of

Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the

pleader is entitled to relief."[2]

In order to satisfy Fed. R. Civ. P. 8(a)(2), a complaint must plead sufficient

supporting facts that, taken as true, "state a claim to relief that is plausible on its face."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To overcome a motion to dismiss, the complaint

must plead facts sufficient to "raise a right to relief above the speculative level . . . on the

assumption that all allegations in the complaint are true."  *Id.* at 555 (citations omitted).  "Mere[]

bare-bones legal conclusions devoid of any factual allegations" will not suffice to sustain the

pleader's burden.  *EMC,* 2014 WL 3809365 at *2.

Count IV, in total, recites that "[t]he '841 Patent is invalid for failure to meet the

conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with

---

[2] Count IV also fails to comply with Fed. R. Civ. P. 8(a)(3), which requires "a demand for the relief sought," because the Complaint does not request any relief with respect to Plaintiffs' purported "entitle[ment] to a declaration that one or more claims of the '841 Patent are invalid" (D.I. 1, ¶ 120).  *See generally id.* at 24; *RKO-Stanley Warner Theatres, Inc. v. Mellon Nat'l Bank & Tr. Co.*, 436 F.2d 1297, 1304 (3d Cir. 1970) (affirming dismissal of complaint as to a particular defendant where, among other deficiencies, "[t]he complaint clearly does not meet the requirements of [Fed. R. Civ. P. 8(a)(3)]" because "[a]side from a general prayer for 'such other order as the Court, in its discretion, deems necessary,' the complaint requests no specific relief against [that defendant].").

the requirements of 35 U.S.C. §§ 112, 115, 116, 256, and other applicable statutory provisions."

*Id.*, ¶ 119.  It concludes by declaring that "Plaintiffs are entitled to a declaration that one or more

claims of the '841 Patent are invalid."  *Id.*, ¶ 120.

    Plaintiffs' formulaic recitation of bare legal conclusions is nearly identical to that

in *EMC*, which this Court found wanting:  "One or more claims . . . is invalid for failure to

comply with the conditions for patentability specified by Title 35 of the United States Code,

including without limitation 35 U.S.C. §§ 101, 102, 103 and 112."  *EMC*, 2014 WL 3809365 at

*2 (dismissing invalidity counterclaims for failing to "contain sufficient factual matter to satisfy

the pleading standards set forth in *Twombly* and *Iqbal*"); *see also Senju Pharm. Co. v. Apotex,*

*Inc.* 921 F. Supp. 2d 297, 300 (D. Del. 2013) (Robinson, J.) (dismissing invalidity counterclaims

that averred that the asserted claims "are invalid for failure to comply with one or more of the

provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102,

103 and/or 112" as insufficient under the *Twombly* and *Iqbal* pleading standard).  As in *EMC* and

*Senju*, the conclusory allegations of Count IV fail to state a claim.

## V.  CONCLUSION

    For the reasons stated above, Defendants respectfully request that the Court

dismiss Court IV of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1) or, in the alternative,

under Fed. R. Civ. P. 12(b)(6).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Karen Jacobs (#2881)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mdellinger@mnat.com
  *Attorneys for Waste Management, Inc.,*
  *WM Intellectual Property Holdings, LLC,*
  *Waste Management National Services, Inc., and*
  *James L. Denson, Jr.*

OF COUNSEL:

David M. Stein
H. Josh Ji
GREENBERG GROSS LLP
650 Town Center Drive
Suite 1700
Costa Mesa, CA  92626

July 17, 2017

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, I caused the foregoing to be electronically filed

with the Clerk of the Court using CM/ECF, which will send notification of such filing to all

registered participants.

I further certify that I caused copies of the foregoing document to be served on July 17,

2017, upon the following in the manner indicated:

Brett D. Fallon                                                      *VIA ELECTRONIC MAIL*
Mary B. Matterer
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494

*Attorneys for Plaintiffs Marco Doda, DODA*
*USA, Inc., and DODA Costruzione Macchine*
*Agricole, di Doda Aldo e C. snc*

Donald Chance Mark, Jr.                                              *VIA ELECTRONIC MAIL*
Patrick J. Rooney
Tyler P. Brimmer
FAFINSKI MARK & JOHNSON, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344

*Attorneys for Plaintiffs Marco Doda, DODA*
*USA, Inc., and DODA Costruzione Macchine*
*Agricole, di Doda Aldo e C. snc*

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)