IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARCO DODA, DODA USA, INC., AND )
DODA COSTRUZIONE MACCHINE )
AGRICOLE, DI DODA ALDO E C. SNC, )
)
       Plaintiffs, )
)
   v. )   C.A. No. 17-604 (GMS)
)
)   **PUBLIC VERSION**
WASTE MANAGEMENT, INC., WM )
INTELLECTUAL PROPERTY HOLDINGS, )
LLC, WASTE MANAGEMENT NATIONAL )
SERVICES, INC., and JAMES L. DENSON, )
JR., )
)
       Defendants. )

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
ALL COUNTS AGAINST WMI & DENSON,
COUNTS II & III AGAINST WMIP, AND COUNTS I & IV AGAINST WMNS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
mdellinger@mnat.com
 *Attorneys for Waste Management, Inc.,*
 *WM Intellectual Property Holdings, LLC,*
 *Waste Management National Services, Inc., and*
 *James L. Denson, Jr.*

OF COUNSEL:

David M. Stein
H. Josh Ji
GREENBERG GROSS LLP
650 Town Center Drive
Suite 1700
Costa Mesa, CA 92626

Original Filing Date: July 17, 2017
Redacted Filing Date: July 21, 2017

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... iii

I.    NATURE AND STAGE OF THE PROCEEDINGS .............................1

II.   SUMMARY OF ARGUMENT ..........................................................1

III.  STATEMENT OF FACTS ................................................................2

IV.   ARGUMENT .................................................................................3

      A.    Legal Standards..................................................................3

            1.    Failure to State a Claim Under Rule 12(b)(6).................3

            2.    Lack of Subject Matter Jurisdiction for Declaratory
                  Judgment Claims Against Non-Patentee Entities
                  Under Rule 12(b)(1)..................................................4

      B.    All Counts Against WMI Should Be Dismissed........................5

            1.    Counts II & III:  WMI Is Not a Proper Party
                  Because It Is Not a Signatory to Either NDA and
                  Should Be Dismissed Under Rule 21 or Rule
                  12(b)(6) ..................................................................5

            2.    Counts I & IV:  WMI Is Not a Proper Party Because
                  It Has No Ownership Interest in the '841 Patent .............7

                  a.    Count I Against WMI Should Be Dismissed
                        For Failure to State a Claim on Which Relief
                        Can Be Granted................................................7

                  b.    Count IV Against WMI Should Be
                        Dismissed For Lack of Subject Matter
                        Jurisdiction ....................................................8

      C.    All Counts Against Denson Should Be Dismissed ....................9

            1.    Counts II & III:  Denson Is Not a Proper Party
                  Because He Is Not a Signatory to Either NDA..............9

            2.    Counts I & IV:  Denson Is Not a Proper Party Because
                  He Has No Right, Title or Interest in the '841 Patent .........10

      D.    Counts II & III Against WMIP Should Be Dismissed..............12

i

      E.      Counts I & IV Against WMNS Should Be Dismissed ..............................12

V.      CONCLUSION.....................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
    625 F.3d (Fed. Cir. 2010)..................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................1, 3

*Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*,
    227 F.3d 62 (3d Cir. 2000).............................................................................4

*Chou v. University of Chicago*,
    254 F.3d 1347 (Fed. Cir. 2001)....................................................................8, 11

*Creative Compounds, LLC v. Starmark Labs.*,
    651 F.3d 1303 (Fed. Cir. 2011).......................................................................4

*CryoLife, Inc. v. C.R. Bard, Inc.*,
    C.A. No. 14-559-SLR, 2015 WL 1069397 (D. Del. 2015)...................................5, 9

*Czarnik v. Illumina, Inc.*,
    437 F. Supp. 2d 252 (D. Del. 2006)...................................................................11

*eBay Inc. v. PartsRiver, Inc.*,
    C.A. No. 10-4947, 2011 WL 1522389 (N.D. Cal. Apr. 21, 2011) ............5, 8, 10, 12

*EMC Corp. v. Zerto, Inc.*,
    C.A. No. 12-956-GMS, 2014 WL 3809365 (D. Del. July 31, 2014).........................4

*Enzo APA & Son, Inc. v. Geapag A.G.*,
    134 F.3d 1090 (Fed. Cir. 1998).................................................................5, 8, 10, 12

*FDIC v. Bathgate*,
    27 F.3d 850 (3d Cir. 1994).............................................................................6

*Gruenberg v. Aetna Ins. Co.*,
    510 P.2d 1032 (1973)....................................................................................6

*Henry v. Associated Indem. Corp.*,
    217 Cal.App.3d 1405, 266 Cal. Rptr. 578 (4th Dist.1990).......................................6

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)...........................................................................4

*Int'l Customs Associates, Inc. v. Ford Motor Co.*,
    893 F. Supp. 1251 (S.D.N.Y. 1995)...................................................................6

*Izquierdo v. Sills*,
  No. 15505-VCN, 2004 WL 2290811 (Del. Ch. June 29, 2004) ..............................6

*Japan Petroleum Co. v. Ashland Oil, Inc.*,
  456 F. Supp. 831 (D. Del. 1978) ..............................................................8

*Jardin v. DATAllegro*,
  No. 10-cv-2552-IEG, 2011 WL 3300152 (S.D. Cal. July 29, 2011) .....................11

*Mayer v. Belichick*,
  605 F.3d 223 (3d Cir. 2010) ...................................................................4

*MCV, Inc. v. King-Seeley Thermos Co.*,
  870 F.2d 1568 (Fed. Cir. 1989) ..............................................................11

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ..............................................................................4

*Morrow v. Microsoft*,
  499 F.3d 1332 (Fed. Cir. 2007) ...............................................5, 8, 10, 12

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977) ...................................................................4

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
  C.A. No. 16-194-GMS, slip op. (D. Del. July 13, 2017) .............................7

*Pearson v. Component Tech. Corp.*,
  247 F.3d 471 (3d Cir. 2001) ...................................................................7

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ..............................................................4

*Shukh v. Seagate Technology, LLC*,
  803 F.3d 659 (Fed. Cir. 2015) ..........................................................10-11

*Site Microsurgical Sys., Inc. v. Cooper Cos.*,
  797 F. Supp. 333 (D. Del. 1992) .............................................................9

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
  665 F.3d 1269 (Fed. Cir. 2012) ..............................................................4

*United States v. Bestfoods*,
  524 U.S. 51 (1998) ............................................................................6, 7

*Vakharia v. Swedish Covenant Hosp.*,
  765 F. Supp. 461 (N.D. Ill. 1991) ...........................................................5

**Other Authorities**

17B C.J.S. Contracts § 856 ................................................................................6

**Rules and Statutes**

35 U.S.C. § 256 ................................................................................ *passim*

Fed. R. Civ. P. 8(a)(2) ................................................................................3

Fed. R. Civ. P. 12(b)(6) ................................................................ *passim*

Fed. R. Civ. P. 21 ................................................................ *passim*

Rule 12(b)(1) ................................................................4, 9-10, 13

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On May 25, 2017, Marco Doda, Doda USA, Inc., and Doda Costruzione Macchine

Agricole, di Doda Aldo e C. snc. ("Plaintiffs") filed their complaint against Waste Management,

Inc. ("WMI"), WM Intellectual Property Holdings, LLC ("WMIP"), Waste Management

National Services, Inc. ("WMNS") and James L. Denson, Jr. ("Denson"), an employee of

WMNS and the inventor of U.S. Patent No. 8,926,841 (the "'841 Patent").

The Complaint purports to allege four causes of action against all four defendants:  Count

I for correction of inventorship of the '841 Patent under 35 U.S.C. § 256, Counts II and III

asserting state law claims for breach of contract and breach of the duty of good faith and fair

dealing based on two nondisclosure agreements ("NDAs") entered into by plaintiff Doda USA,

Inc. and defendant WMNS, and Count IV styled as "Declaration of Patent Invalidity of the '841

Patent" based on a laundry list of sections of the Patent Act.  D.I. 1 at 18–24.

As set forth below, Defendants now move to dismiss for misjoinder under Fed. R. Civ. P.

21, for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6),

and/or for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) with respect to: (1)

all Counts against WMI and Denson; (2) Counts II and III against WMIP; and (3) Counts I and

IV against WMNS.[1]

## II.      SUMMARY OF ARGUMENT

1.  All counts against WMI should be dismissed:  Because WMI was not a

signatory to either of the NDAs, it cannot be liable for any purported breaches under Counts II

---

[1]      Defendants have separately filed a motion to dismiss Count IV for lack of subject matter jurisdiction because there is no case or controversy between the parties concerning patent invalidity and because Count IV fails to state a plausible claim for relief under the pleading requirements of *Twombly* and *Iqbal*.  To the extent Count IV is not dismissed on these grounds, then, as set forth herein, Count IV is also deficient for failure to name the proper parties.

and III for breach of contract or for breach of the implied covenant of good faith and fair dealing. Counts I and IV also cannot be asserted against WMI because WMI possesses no right, title or interest in the '841 Patent, it is not a "concerned party" with respect to 35 U.S.C. § 256, and does not have standing to sue on the '841 Patent (and is therefore not a proper declaratory judgment defendant).

2.   All counts against Denson should be dismissed:  Like WMI and WMIP, Denson was not a signatory to either of the NDAs and cannot be liable for any purported breaches.  Additionally, because he holds no right, title or interest in the '841 Patent, he is not a proper defendant for correction of inventorship or for a declaration of invalidity.

3.   Counts II and III against WMIP should be dismissed:  Like WMI and Denson, WMIP was not a signatory to either of the NDAs and is not liable for any purported breaches.

4.   Counts I and IV against WMNS should be dismissed:  WMNS holds no right, title or interest in the '841 Patent.  Thus, like WMI and Denson, it is not a concerned party with respect to Section 256 and is not a proper declaratory judgment defendant.

## III.   STATEMENT OF FACTS

In their complaint, Plaintiffs purport to seek: (1) to name Marco Doda as a co-inventor of the '841 Patent (and any derivative patents) based on Defendants' alleged use of certain information in violation of two NDAs to obtain the '841 Patent; (2) damages based on Defendants' alleged breach of the NDAs; (3) damages based on Defendants' alleged breach of the implied covenant of good faith and fair dealing with respect to the NDAs; and (4) a declaration of invalidity of the '841 Patent on various grounds. D.I. 1 at 18–24. Defendants WMIP and WMNS are each indirect subsidiaries of ultimate parent WMI.  WMI is merely a holding company.

Plaintiffs' state law contract claims (Counts II and III) are based on the alleged breach of two NDAs.  Doda USA, Inc. and WMNS entered into the first nondisclosure agreement on December 9, 2010.  Ex. A ("2010 NDA").  Ron Pope, WMNS's vice president at the time, signed the agreement on behalf of WMNS.  *Id.*  On April 13, 2012, Doda USA, Inc. and WMNS entered into the second nondisclosure agreement, which was, again, signed by Ron Pope on behalf of WMNS.  Ex. B ("2012 NDA").  Denson, WMI, and WMIP are not signatories to either NDA.

With respect to the claims related to the '841 Patent – Counts I and IV – WMIP is the sole owner of the '841 Patent; none of the other three named defendants holds any right, title or interest in that patent.   The application for the '841 Patent was filed by WMNS on June 27, 2011 on behalf of Denson (Ex. C), who is employed by WMNS, on June 27, 2011; that same day, Denson executed an assignment of all rights in the application that led to the '841 Patent to his employer, WMNS.  Ex. D.  The '841 Patent issued on January 6, 2015, naming Denson as the inventor and WMNS as the assignee.  Ex. E at 1.  On January 8, 2015, WMNS assigned all rights to the '841 Patent to WMI.  Ex. F.  Six days later, on January 14, 2015, WMI executed an assignment of all rights, including the right to sue for past infringement, in the '841 Patent to WMIP.  Ex. G at 2.  WMIP holds every single "stick" of the bundle of rights to the '841 Patent – including the right to bring suit for past infringement actions.  *Id.*

## IV.   ARGUMENT

### A.   Legal Standards

#### 1.   Failure to State a Claim Under Rule 12(b)(6)

To satisfy Fed. R. Civ. P. 8(a)(2), a complaint must plead sufficient supporting facts that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To overcome a motion to dismiss, the complaint must

plead facts sufficient to "raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true." *Id.* at 555 (citations omitted). "Mere[] bare-bones legal conclusions devoid of any supporting factual allegations" will not suffice to sustain the pleader's burden. *EMC Corp. v. Zerto, Inc.*, C.A. No. 12-956-GMS, 2014 WL 3809365 at *2 (D. Del. July 31, 2014).

In deciding a motion to dismiss under Rule 12(b)(6), the Court is not limited solely to the complaint, but may also consider documents "integral to or explicitly relied upon in the complaint" (*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)), as well as matters of public record (*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

## 2. Lack of Subject Matter Jurisdiction for Declaratory Judgment Claims Against Non-Patentee Entities Under Rule 12(b)(1)

"[T]he burden of proving the existence of subject matter jurisdiction lies with the plaintiff." *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000), overruled on other grounds by *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011). In reviewing a factual attack on jurisdiction under Rule 12(b)(1), the court may consider evidence outside the pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

"Subject matter jurisdiction in declaratory judgment actions exists when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

"The mere existence of a potentially adverse patent does not cause an injury nor create an imminent risk of an injury[,] absent action by the patentee . . . ." *Prasco, LLC v.*

4

*Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008). That is, generally, the patentee must act in some way to create a reasonable apprehension of suit in the declaratory judgment plaintiff. *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012). Entities that do not own a patent or hold an exclusive license to the patent do not suffer a cognizable injury from patent infringement and cannot bring a suit for infringement. *Morrow v. Microsoft*, 499 F.3d 1332, 1339–41 (Fed. Cir. 2007).

Therefore, where a declaratory judgment defendant has no right to assert the patent at issue, the Court lacks subject matter jurisdiction. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1094 (Fed. Cir. 1998); *eBay Inc. v. PartsRiver, Inc.*, C.A. No. 10-4947, 2011 WL 1522389, at *3–4 (N.D. Cal. Apr. 21, 2011) (granting motion to dismiss for lack of subject matter jurisdiction where declaratory judgment defendant "no longer ha[d] any rights to the [asserted] patent"). Where the declaratory judgment plaintiff attempts to join non-patent-owning entities as defendants, there is no subject matter jurisdiction as to those defendants, and they should be dismissed. *CryoLife, Inc. v. C.R. Bard, Inc.*, C.A. No. 14-559-SLR, 2015 WL 1069397, at *2–3 (D. Del. 2015) (dismissing from declaratory judgment action parent corporations of patent-owner subsidy for lack of subject matter jurisdiction).

### B.    All Counts Against WMI Should Be Dismissed

#### 1.    Counts II & III:  WMI Is Not a Proper Party Because It Is Not a Signatory to Either NDA

"Rule 21 of the Federal Rules of Civil Procedure is the proper vehicle for dismissing parties who were improperly joined—either because they fail to satisfy any of the conditions of permissive joinder under Fed. R. Civ. P. 20(a) or because 'no relief is demanded from . . .  or no claim of relief is stated against [them].'" *Vakharia v. Swedish Covenant Hosp.*, 765 F. Supp. 461, 472 (N.D. Ill. 1991) (quoting 7 Wright & Miller §1683) (dismissing claim

against fourteen individual hospital employees for breach of a contract between plaintiff and

hospital).  Here, because WMI was not a signatory to either of the NDAs, it cannot be liable for

any purported breaches thereof.  Because no claim of relief can be stated against WMI for

Counts II & III, these counts are also subject to dismissal under Rule 12(b)(6).

            "It is hornbook law that a non-signatory to a contract cannot be named as a

defendant in a breach of contract action unless it has thereafter assumed or been assigned the

contract."  *Int'l Customs Associates, Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1255 (S.D.N.Y.

1995).  "Generally, a contract binds no one but the parties to it, and an action on a contract

cannot be maintained against a person who is not a party to the contract."  17B C.J.S. Contracts

§ 856.  "[The movant] fails to cite a single case for the proposition that *non-parties* to a contract

can be held liable for a breach of a contractual duty of good faith and fair dealing."  *FDIC v.

Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (under New Jersey law, denying as futile motion to a

amend counterclaims to include a count for breach of the duty of good faith).

            Delaware law, which is also the choice of law selected in the 2012 NDA (Ex. B,

¶ 15), agrees with this hornbook principle.  *E.g.*, *Izquierdo v. Sills*, No. 15505-VCN, 2004 WL

2290811, at *8 (Del. Ch. June 29, 2004) ("[T]he Individual Defendants are nonsignatories to the

[agreement], and thus cannot be held liable for any breach of it . . . ").  California law, which

was selected for the 2010 NDA (Ex. A, ¶ 11), also follows this principle.  *Henry v. Associated

Indem. Corp.*, 217 Cal.App.3d 1405, 1416–17, 266 Cal. Rptr. 578 (4th Dist.1990) (citing

*Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032 (1973)) (where "there [is] no direct contractual

relationship between [the parties,]" there is no basis from which "a breach of contract action

could properly spring.").  Nor could WMI be held liable simply because it is the indirect parent

of WMNS.  "It is a general principle of corporate law deeply ingrained in our economic and legal

systems that a parent corporation . . . is not liable for the acts of its subsidiaries*." United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks omitted).

Here, WMI is not a signatory to either the 2010 NDA or the 2012 NDA.  Ex. A at 2; Ex. B at 5.  Thus, WMI cannot be liable for any purported breach of these agreements.  WMI is improperly joined as a defendant and should be dismissed for misjoinder under Rule 21 and, because there can be no relief provided by a party that has no liability, for failure to state a claim on which relief can be granted under Rule 12(b)(6).

    **2.**    **Counts I & IV:  WMI Is Not a Proper Party Because It Has No Right, Title or Interest in the '841 Patent**

        **a.**    **Count I Against WMI Should Be Dismissed For Failure to State a Claim on Which Relief Can Be Granted**

35 U.S.C. § 256 creates a cause of action in the district courts to correct errors in named inventors on issued patents.  Section 256 states, in part:  "The court before which such matter is called in question may order correction of the patent on notice and hearing of ***all parties concerned*** and the Director shall issue a certificate accordingly."  (emphasis added).  Because WMI has no rights to the '841 Patent, it is not a "concerned party" with respect to that patent.  Further, there is no relief under 35 U.S.C. § 256 that can be granted to Plaintiffs that WMI can provide or that affects WMI.  Therefore, Count I against WMI should be dismissed under Rule 12(b)(6) for failure to state a claim.

WMI's status as WMIP's ultimate parent does not alter this result.  Indeed, "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries*." Bestfoods* 524 U.S. at 61 (internal quotation marks omitted).  As this Court confirmed last week, "Third Circuit case law has found that 'mere ownership of a subsidiary does not justify the imposition of liability on the

parent.'"  *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, C.A. No. 16-194-GMS, slip op. at 7 (D.

Del. July 13, 2017)  (quoting *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir.

2001) (Ex. H); *see also Japan Petroleum Co. v. Ashland Oil, Inc.*, 456 F. Supp. 831, 838 (D. Del.

1978) ("One of the major features of the corporate form of organization is that it insulates

shareholders from personal liability for the debts of the corporation.  Thus, under ordinary

circumstances, a parent corporation will not be held liable for the obligations of its subsidiary.").

        *Chou v. University of Chicago*, 254 F.3d 1347, 1359 (Fed. Cir. 2001), which

Plaintiffs cited to Defendants in correspondence, does not alter this result.  *Chou* noted only that

parties "with an economic stake in a patent's validity may be subject to a § 256 suit."  *Id.*  In

*Chou*, however, the parties sought to be included in the § 256 action were (1) the patent owners,

(2) the exclusive licensee, and (3) an inventor who received royalty income and stock benefits

from the patented inventions.  *Id.*  That is, in *Chou*, each defendant received a direct, concrete,

economic benefit.  WMI does not hold any of these rights.  *Chou* does not stand for the

proposition that a party may be deemed to have an economic stake by virtue of being related to

another party, which would be contrary to the above cited well-established law.

        **b.**    **Count IV Against WMI Should Be
Dismissed For Lack of Subject Matter
Jurisdiction**

        As described above, WMIP holds the entire right, title and interest in the '841

Patent, including all rights to sue for past infringement.  Because WMI has no rights in the '841

Patent, it has no standing to sue for infringement.  *Morrow*, 499 F.3d at 1339–41.  Therefore,

WMI is also not a proper party to a declaratory judgment action with respect to the '841 Patent.

*Enzo*, 134 F.3d at 1094; *eBay*, 2011 WL 1522389 at *3–4.

        Nor does the fact that WMI is the ultimate parent of WMIP convert WMI into a

proper party to a declaratory judgment count for invalidity of the '841 Patent.  A parent

corporation has no standing to sue for infringement of patents owned by a subsidiary. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d, 1359, 1366 (Fed. Cir. 2010) (dismissing case because parent company did not have standing to sue at inception of the lawsuit even though its wholly owned subsidiary owned the patent); *Site Microsurgical Sys., Inc. v. Cooper Cos.*, 797 F. Supp. 333, 338 (D. Del. 1992) ("The Court is not convinced, and the plaintiff offers no authority, that mere ownership of corporate stock gives a non-patent owner standing to sue for patent infringement.").

So, too, a parent corporation is not a proper party to a declaratory judgment action with respect to its subsidiary's patent. *CryoLife*, 2015 WL 1069397 at *2–*3. Similar to the present situation, in *CryoLife*, the declaratory judgment plaintiff tried to join as defendants two parent corporations of the patent-owning subsidiary. *Id.* Judge Robinson dismissed the two parent entities for lack of subject matter jurisdiction where, as here, there was no dispute that the subsidiary was the assignee. *Id.* at *3; D.I. 1, ¶ 57 (reciting that "WMI assigned its interest in the '843 Patent Application to WMIP"[2]). For its similar shortcomings, here Count IV against WMI should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[2]     Paragraph 57 of the Complaint states that the date of this assignment was "July 6, 2011." This is clearly a typographical error (copying and pasting the date paragraph 55 alleges the assignment from Denson to Waste Management occurred), as the preceding paragraph states that the assignment *to* WMI did not occur until January 8, 2015. Exhibit G shows that the date of the assignment from WMI to WMIP was July 14, 2015. Regardless, the typographical error in the date of assignment to WMIP does not alter that the Complaint concedes that it is WMIP who is the assignee of the '841 Patent. D.I. 1, ¶ 57.

### C.      All Counts Against Denson Should Be Dismissed

#### 1.      Counts II & III:  Denson Is Not a Proper Party Because He Is Not a Signatory to Either NDA

Just like WMI, Denson is not a signatory to either the 2010 NDA or the 2012

NDA.  Ex. A at 2; Ex. B at 5.  Thus, for reasons similar to those detailed above in Section

IV.B.1, Denson cannot be liable for any purported breach of these agreements.  Of course, one

step further, Denson is obviously neither a parent nor a subsidiary of WMNS, the entity that

signed the NDAs.  Denson is thus improperly joined as a defendant, and Counts II and III against

him should be dismissed for misjoinder under Rule 21 and, because there can be no relief

provided by a party that has no liability, for failure to state a claim under Rule 12(b)(6).

#### 2.      Counts I & IV:  Denson Is Not a Proper Party Because He Has No Right, Title or Interest in the '841 Patent

As for Count IV, Denson executed an assignment transferring his default

ownership interest in the '841 Patent on the same day the patent application was filed.  Ex. D.

WMIP now owns the entire right, title and interest in the '841 Patent, including all rights to sue

for past infringement.  Because Denson retained no rights in the '841 Patent, he has no standing

to sue for infringement.  *Morrow,* 499 F.3d at 1339–41.  Therefore, Denson is also not a proper

party to a declaratory judgment action with respect to the '841 Patent.  *Enzo*, 134 F.3d at 1094;

eBay, 2011 WL 1522389 at *3–4.  For similar reasons as those discussed above with respect to

WMI in Section IV.B.2.b, Count IV against Denson should be dismissed for lack of subject

matter jurisdiction under Rule 12(b)(1).

Denson should also be dismissed from Count I, correction of inventorship, for

similar reasons as WMI, because he holds no rights to the '841 Patent and no relief can be

awarded against him.  In correspondence, Plaintiffs have asserted that Mr. Denson is nonetheless

a proper party even though his interests have been assigned, based merely on his status as an inventor.  As an initial matter, Defendants are aware of no Federal Circuit case that has so held. Instead, the Federal Circuit cases appear to address when an inventor can **bring** a Section 256 action (*see Shukh v. Seagate Technology, LLC*, 803 F.3d 659, 663–67 (Fed. Cir. 2015) (holding that "concrete and particularized reputational injury can give rise to Article III standing [to **bring** a Section 256 action to be named as an inventor]" (emphasis added)[3]), or address situations where the defendants had an economic stake in the patent-at-issue.  *Chou*, 254 F.3d at 1359 (finding that all named defendants had an economic interest in the patent).

Jardin v. DATAllegro, No. 10-cv-2552-IEG, 2011 WL 3300152, at *7 (S.D. Cal. July 29, 2011), which Plaintiffs cited in correspondence, does not compel a different result.  As an initial matter, *Jardin* appears to treat the provision of Section 256 requiring "notice and [opportunity to be heard] of all parties concerned" as a jurisdictional requirement.  *Id.* at *7 ("U.S.C. § 256 has only one prerequisite to judicial action:  all parties must be given notice and an opportunity to be heard.  If that is done, there is subject-matter jurisdiction in the district court over a dispute raising solely a joint inventorship issue among contending co-inventors." (internal quotation marks omitted)).  Clearly, however, there is no jurisdictional requirement that named inventors who have no interest in a patent be joined as defendants in a Section 256 action.  *See, e.g.*, *Shukh*, 803 F.3d at 659 (naming only various Seagate entities as defendants); *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1568 (Fed. Cir. 1989) (naming King-Seeley Thermos Co. as the only defendant); *Czarnik v. Illumina, Inc.*, 437 F. Supp. 2d 252,  252 (D. Del. 2006) (naming only Illumina, Inc. as a defendant).  Further, unlike in *Jardin* where the inventor was an

---

[3]      The *Shukh* court further found that the reputational harm there included an economic component due to an "inability to obtain employment."  That has no application here.

independent third party, as the complaint acknowledges, Mr. Denson continues in the employ of

WMNS and has no separate interest from WMNS.  D.I. 1, ¶ 7.  Also unlike in *Jardin,* where

there was a possibility that the purported inventor "may establish himself as the *sole* inventor,"

2011 WL 3300152 at *10, here Denson will remain an inventor on the '841 Patent whether

Plaintiffs succeed or not.  *See* D.I. 1, ¶ 93 (omitting claims 3, 4, 14, 14, 23, 24, 39, and 40 from

the list of claims Doda alleges a contribution to) & at 24 (seeking only to name Doda as a joint

inventor).

For these reasons, Denson should be dismissed from all Counts for misjoinder

under Rule 21 and, because there can be no relief provided by a party that has no liability, for

failure to state a claim under Rule 12(b)(6).

### D. Counts II & III Against WMIP Should Be Dismissed

Similar to WMI, WMIP is not a signatory to either the 2010 NDA or the 2012

NDA.  Ex. A at 2; Ex. B at 5.  Thus, for the same reasons described above in Section IV.B.1,

WMIP cannot be liable for any purported breach of these agreements.  WMIP is thus improperly

joined as a defendant and should be dismissed for misjoinder under Rule 21 or, because there can

be no relief provided by a party that has no liability, for failure to state a claim on which relief

can be granted under Rule 12(b)(6).

### E. Counts I & IV Against WMNS Should Be Dismissed

As discussed above, WMIP holds all right, title and interest in the '841 Patent.

Thus, for similar reasons as those for WMI, detailed above in Section IV.B.2.a, WMNS is not a

"concerned party" with respect to actions for correction of inventorship under Section 256.

Further, there is no relief under 35 U.S.C. § 256 that can be granted to Plaintiffs that WMNS can

provide or that affects WMNS.  Therefore, Count I against WMNS should be dismissed under

Rule 12(b)(6) for failure to state a claim.

With respect to Count IV, WMNS has no ownership interest in the '841 Patent, and thus has no standing to sue for infringement.  *Morrow*, 499 F.3d at 1339–41.  Therefore, WMNS is also not a proper party to a declaratory judgment action with respect to the '841 Patent.  *Enzo*, 134 F.3d at 1094; *eBay*, 2011 WL 1522389 at *3–4.  For similar reasons to those discussed above in Section IV.B.2.b for WMI, Count IV against WMNS should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## V.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss all counts against WMI and Denson, Counts II and III against WMIP, and Counts I and IV against WMNS.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Karen Jacobs (#2881)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
mdellinger@mnat.com
*Attorneys for Waste Management, Inc.,*
*WM Intellectual Property Holdings, LLC,*
*Waste Management National Services, Inc., and*
*James L. Denson, Jr.*

OF COUNSEL:

David M. Stein
H. Josh Ji
GREENBERG GROSS LLP
650 Town Center Drive
Suite 1700
Costa Mesa, CA  92626

July 17, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2017, I caused the foregoing to be electronically filed

with the Clerk of the Court using CM/ECF, which will send notification of such filing to all

registered participants.

I further certify that I caused copies of the foregoing document to be served on July 17,

2017, upon the following in the manner indicated:

Brett D. Fallon                                        *VIA ELECTRONIC MAIL*
Mary B. Matterer
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494

*Attorneys for Plaintiffs Marco Doda, DODA*
*USA, Inc., and DODA Costruzione Macchine*
*Agricole, di Doda Aldo e C. snc*

Donald Chance Mark, Jr.                                *VIA ELECTRONIC MAIL*
Patrick J. Rooney
Tyler P. Brimmer
FAFINSKI MARK & JOHNSON, P.A.
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344

*Attorneys for Plaintiffs Marco Doda, DODA*
*USA, Inc., and DODA Costruzione Macchine*
*Agricole, di Doda Aldo e C. snc*

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)