IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARCO DODA, DODA USA, INC.,  :
and DODA COSTRUZIONE  :
MACCHINE AGRICOLE, DI DODA  :
ALDO E C. SNC,  :
                                      :
               Plaintiffs,  :
                                        :
               v.  :           Civil Action No. 17-604-CFC
                                        :
WASTE MANAGEMENT, INC.,  :
WM INTELLECTUAL PROPERTY  :
HOLDINGS, LLC, WASTE  :
MANAGEMENT NATIONAL  :
SERVICES, INC., and JAMES L.  :
DENSON, JR.,  :
                                        :
               Defendants.:

---

Brett D. Fallon, Mary B. Matterer, MORRIS JAMES LLP, Wilmington, Delaware;
Donald Chance Mark, Jr., Patrick J. Rooney, Tyler P. Brimmer, FAFINSKI, MARK &
JOHNSON, P.A., Eden Prairie, Minnesota

       *Counsel for Plaintiffs*

Karen Jacobs, Megan E. Dellinger, MORRIS, NICHOLS, ARSHT & TUNNELL LLP,
Wilmington, Delaware; David M. Stein, H. Josh Ji, GREENBERG GROSS LLP, Costa
Mesa, California

       *Counsel for Defendants*

## **MEMORANDUM OPINION**

September 25, 2019
Wilmington, Delaware

Plaintiffs Marco Doda ("Doda"), DODA USA, Inc., and DODA Costruzione Macchine Agricole, di Doda Aldo e C. snc have sued Defendants James L. Denson, Jr., Waste Management, Inc. ("WMI"), WM Intellectual Property Holdings, LLC ("WMIP"), and Waste Management National Services, Inc. ("WMNS"). This action concerns, among other things, United States Patent No. 8,926,841 (the "#841 patent"), which names Denson as the sole inventor and WMNS as the assignee. The #841 patent was issued by the United States Patent and Trademark Office ("PTO") on January 6, 2015. According to Plaintiffs' first amended complaint, WMNS assigned its interest in the patent to WMI on January 8, 2015; and WMI then assigned its interest in the patent to WMIP on January 15, 2018. D.I. 22, ¶¶ 83-84.

Three of the counts alleged in the first amended complaint are the subject of Defendants' motion to dismiss pending before me: Count I, in which Plaintiffs seek correction of the inventorship designation on the #841 patent pursuant to 35 U.S.C. § 256; Count IV, in which Plaintiffs seek a declaration that the #841 patent is invalid because Denson did not invent the subject matter claimed in the patent; and Count V, in which Plaintiffs seek a declaration that the #841 patent is

unenforceable for inequitable conduct because Denson falsely represented to the

PTO that he was the sole inventor of the subject matter claimed by the patent.[1]

Defendants have moved to dismiss Count I pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted

insofar as Count I is alleged against WMI and WMNS. Defendants have moved to

dismiss Counts IV and V in their entirety pursuant to Rule 12(b)(1) for lack of

subject matter jurisdiction and, alternatively, pursuant to Rule 12(b)(6) for failure

to state a legally cognizable claim.

## I.    BACKGROUND[2]

Plaintiffs and Defendants do business together. D.I. 22, ¶ 94. Through their

business dealings, Defendants learned proprietary information about Plaintiffs'

organic waste processing system. *Id.* ¶ 52. Defendants then used Plaintiffs'

proprietary information to obtain the #841 patent. *Id.* ¶¶ 53–63. Although Doda

invented at least some of the patented subject matter, Denson did not disclose to

---

[1] Counts I and V also originally sought relief with respect to a pending child
application of the application from which the #841 patent issued. The parties,
however, stipulated to the dismissal without prejudice of Counts I and V to the
extent the claims asserted in those counts sought relief with respect to the pending
child application. *See* D.I. 29. Accordingly, to the extent Defendants' motion
sought the dismissal of Counts I and V based on arguments related to the pending
child application, the motion is moot and I need not address those arguments.
[2] Unless otherwise noted, the facts recited herein are taken from Plaintiffs'
complaint, the allegations of which I accept as true and view in the light most
favorable to Plaintiffs for purposes of deciding Defendants' motion to dismiss. *See
Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

2

the PTO Doda's inventive role and consequently the #841 patent names Denson as the sole inventor. *Id.* WMIP currently owns the #841 patent, but WMNS and WMI each owned it previously. *Id.* ¶¶ 83–84. Defendants continue to benefit economically and reputationally from the #841 patent and by misusing Plaintiffs' proprietary information. *Id.* ¶ 96.

## II.  DISCUSSION

### A.  Whether Plaintiffs Have Stated a Claim Against WMI and WMNS for Correction of Inventorship

#### 1.  Legal Standards

##### a.  Motions to Dismiss under Rule 12(b)(6)

To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiffs. *Umland*, 542 F.3d at 64.

### b.  Inventorship

"All inventors, even those who contribute to only one claim or one aspect of one claim of a patent, must be listed on that patent." *Vapor Point LLC v. Moorhead*, 832 F.3d 1343, 1348–49 (Fed. Cir. 2016).

Section 256 of title 35 creates a private right of action to correct inventorship on patents. *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989).  Section 256(b) provides:

> The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section.  The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

35 U.S.C. § 256(b).  Generally, the Federal Circuit has "interpreted § 256 broadly as a 'savings provision'" both to protect inventors' rights and because it is "in the public interest [to] assur[e] correct inventorship designations on patents." *Chou v. Univ. of Chi.*, 254 F.3d 1347, 1358 (Fed. Cir. 2001).

The Court in *Chou* expressly addressed "the question of which defendants [a plaintiff] may sue under § 256." 254 F.3d at 1359.  The Court "conclude[d] that parties with an economic stake in a patent's validity may be subject to a § 256 suit." *Id.*

## 2.    Analysis

Defendants argue that "[Plaintiffs' § 256 claim] against WMI and WMNS should be dismissed because neither WMI nor WMNS possess any right, title, or interest in the [#]841 Patent." D.I. 27 at 2. Defendants do not challenge whether Plaintiffs state a § 256 claim against WMIP (the current owner of the #841 patent) or Denson (the #841 patent's only named inventor).

*Chou*, however, mandates that I reject Defendant's attempt to dismiss WMI and WMNS as defendants in Plaintiffs' § 256 claim. The Federal Circuit explicitly held in *Chou* that a plaintiff could properly sue a party under § 256 if the party had an economic stake in the patent in question. 254 F.3d at 1359. Paragraph 96 of the first amended complaint alleges that both WMI and WMNS "have derived, and continue to derive, substantial economic and non-economic benefits, including reputational benefits, from the [#]841 Patent[.]" D.I. 22, ¶ 96. For purposes of a motion to dismiss, these allegations must be accepted as true; and, based on *Chou*, these allegations support a plausible inference that WMI and WMNS are "parties concerned" under § 256. Accordingly, I will deny Defendants' motion to dismiss Count I against WMI and WMNS.[3]

---

[3] *Robert Bosch LLC v. Trico Prods. Corp.*, 2013 WL 11316920 (N.D. Ill. Jul. 24, 2013), on which Defendants rely, is inapposite. Like Plaintiffs argue here, the plaintiff in *Robert Bosch* argued that a parent company had an economic stake in a patent owned by its subsidiary because the parent "may be required to disgorge 'ill-gotten revenue' from the patents" if the court were to correct inventorship

## B. Whether The Court Has Jurisdiction over Plaintiffs' Declaratory Judgment Counts

### 1. Legal Standards

"The party invoking federal jurisdiction bears the burden of establishing [the existence of a justiciable controversy]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Whether a justiciable controversy exists in a declaratory judgment action depends on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "The concept of adverse legal interests requires that there be a dispute as to a legal right,

---

under § 256. *Id.* at *3. The court rejected that argument in part because the plaintiff "d[id] not request this relief in its complaint or allege facts supporting such a request." *Id.* In this case, Plaintiffs do request that WMI and WMNS be disgorged of "all economic benefits they have received from [the #841 patent]." D.I. 22 at 29, ¶ 4. Plaintiffs' allegation that WMI and WMNS previously held and then assigned ownership of the #841 patent adds factual support to Plaintiffs' request for disgorgement.

such as an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff had preempted it." *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011). "Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." *Id.* (internal quotation marks and citation omitted).

"Even when jurisdiction is present, district courts retain some measure of discretion to decline to hear the case." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008). "A district court, when deciding whether to exercise its discretion, should decide whether hearing the case would serve the objectives for which the Declaratory Judgment Act was created." *Id.* "The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Creative Compounds*, 651 F.3d at 1316 (Fed. Cir. 2011) (alteration in original) (internal quotation marks and citation omitted).

## 2.   Analysis

Declaratory judgment actions in patent cases generally arise when potential infringers anticipate being sued for patent infringement and therefore seek declarations of noninfringement or patent invalidity. In such cases, "[d]eclaratory

judgment jurisdiction requires some affirmative act by the patentee." *Allied Mineral Prods., Inc. v. Osmi, Inc.*, 870 F.3d 1337, 1339 (Fed. Cir. 2017). In this case, there is no allegation that Defendants took any affirmative act that would cause Plaintiffs reasonably to anticipate being sued for infringing the #841 patent.

In any event, Plaintiffs seek declaratory judgments that the #841 patent is invalid and unenforceable—because the #841 patent does not name Doda as an inventor. I will dismiss these declaratory judgment counts because they are duplicative (or technically triplicative) of the relief Plaintiffs seek under § 256 and do not make available to Plaintiffs any form of relief not afforded by § 256. *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1325 (Fed. Cir. 2009) ("[Plaintiff] seeks a judicial determination that he . . . is the true and sole inventor of the [patented invention]. In substance, that is the same relief that the patent statute provides in § 256, and in other contexts [the Federal Circuit has] treated requests for declaratory relief relating to inventorship as functional equivalents of actions formally brought pursuant to § 256."); *Chou*, 254 F.3d at 1360 ("In view of our determination that [Plaintiff] has standing to sue to correct inventorship of the U.S. patents under § 256, we need not determine if she is a proper declaratory plaintiff in an action to correct inventorship on those patents under the Declaratory Judgment Act; such a decision would not afford her any relief that is not also available through the § 256 action."); *MCV*, 870 F.2d at 1571 ("[A suit

characterized as] a declaratory judgment for the determination of inventorship and co-inventorship . . . is not a declaratory judgment action, and principles of jurisdiction applicable to declaratory suits are not implicated." (internal quotation marks and citation omitted)).

## III.   CONCLUSION

Plaintiffs have stated a claim for correction of inventorship under 35 U.S.C. § 256 against all Defendants. Plaintiffs' two declaratory judgment counts merely triplicate their § 256 claim. Accordingly, I will deny Defendants' motion with respect to Count I but grant the motion with respects to Counts IV and V.

The Court will issue an Order consistent with this Memorandum Opinion.