# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**KAREN JACOBS**
(302) 351-9227
(302) 425-4681 FAX
kjacobs@mnat.com

September 21, 2021

**BY ELECTRONIC FILING**

The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31, Room 4124
Wilmington, DE 19801-3555

    RE:    <u>**Doda et al. v. Waste Management, Inc., et al., C.A. No. 17-604 (CFC) (SRF)**</u>

Dear Judge Connolly:

    I am counsel to Defendants and write to request a status conference to discuss the trial in this action scheduled to begin on December 6, 2021.

    This action involves both breach of contract claims (Counts I and II) for which Plaintiffs have demanded a jury trial, as well as a correction of inventorship claim (Count III), which is an equitable issue for the Court to decide. (D.I. 66). Defendants have filed summary judgment motions directed to the contract counts which, if granted, would obviate the need for a jury trial. (D.I. 133 and 139). These motions are fully briefed.

    The Scheduling Order sets a Pretrial Conference on November 30, with the Pretrial Order due on November 23, and a "5-day jury/bench trial" to begin on December 6, 2021. (D.I. 52 at ¶¶ 16, 22). The pretrial submissions would be very different depending on whether the contract claims remain. For example, whether this case proceeds as a jury and bench trial, or solely a bench trial, impacts such issues as whether there is a need for jury instructions, voir dire or a verdict form, which witnesses will appear (with two fact and two expert witnesses relevant only to the contract issues), and motions *in limine*. It also implicates whether a jury need be impaneled at all. And, to the extent both sets of claims move forward, it would be helpful to discuss how and when the Court would like to hear them so the parties can make the appropriate preparations in advance of the Pretrial Conference, which is scheduled only a week before trial is to begin.

    In light of the impending pretrial exchange deadlines, Defendants would appreciate the scheduling a status conference at the Court's earliest convenience.

The Honorable Colm F. Connolly
September 21, 2021
Page 2

      Plaintiffs have indicated that they do not oppose Defendants' request for a status conference, but state that the larger issue in their view is that Marco Doda (the named plaintiff seeking correction of inventorship in this case) and Ada Doda (the corporate representative of plaintiff DODA Italy) are Italian citizens and are currently barred from entering the United States for trial due to travel restrictions placed on European travelers by the U.S. Plaintiffs are hopeful that the restrictions may end in November, but given the uncertainty believe it would be beneficial to discuss adjournment of the current trial date if the Dodas cannot appear in person. Should the Court schedule a status conference, Plaintiffs can provide an updated report on the travel restrictions at that time.

      Defendants believe that Plaintiffs' request to discuss an adjournment is premature. As noted above, if summary judgment is granted on the contract claims, then the case can proceed as a bench trial, remotely if necessary. If the contract claims remain, the Court and the parties can address the logistics of the trial at that time in light of the evolving situation.

      Respectfully submitted,

      */s/ Karen Jacobs*

      Karen Jacobs (#2881)

cc:    All Counsel of Record