## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARCO DODA, DODA USA, INC., DODA COSTRUZIONE MACCHINE AGRICOLE, DI DODA ALDO E C. SNC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 17-604-CFC-SRF |
| | ) | |
| v. | ) | |
| | ) | |
| WASTE MANAGEMENT, INC., WM INTELLECTUAL PROPERTY HOLDINGS, LLC, WASTE MANAGEMENT NATIONAL SERVICES, INC., AND JAMES L. DENSON, JR., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

OF COUNSEL:

Grant D. Fairbairn
Laura L. Myers
Timothy M. O'Shea
Barbara Marchevsky
FREDRIKSON & BYRON, P.A.

Karen Jacobs (#2881)
Megan E. Dellinger
Sarah E. Simonetti
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
mdellinger@morrisnichols.com
ssimonetti@morrisnichols.com

OF COUNSEL:

David M. Stein
Franklin Krbecheck
BROWN RUDNICK LLP
2211 Michelson Drive, Seventh Floor
Irvine, CA  92612

200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
(612) 492-7000

Cara Donels
FREDRIKSON & BYRON, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA  50309
(515) 242-8900

*Attorneys for Plaintiffs Marco Doda,
DODA USA, Inc., and DODA
COSTRUZIONE MACCHINE
AGRICOLE, di Doda Aldo e C. snc*

(949) 752-7100

*Attorneys for Defendants Waste
Management, Inc., WM Intellectual
Property Holdings, LLC, Waste
Management National Services, Inc. and
James L. Denson, Jr.*

# TABLE OF CONTENTS

PAGE

I.    NATURE OF THE CASE ................................................................2

      A.    The Parties ...........................................................................2

      B.    Nature of the Action and Claims to Be Asserted at Trial ....................3

      C.    Brief Statement of What DODA Intends to Prove in Support of
            Its Claims ............................................................................4

      D.    Brief Statement of What Waste Management Intends to Prove as
            Defenses ..............................................................................7

II.   JURISDICTION AND VENUE ....................................................13

III.  STATEMENTS ........................................................................13

      B.    Parties' Statements of Contested Issues of Fact and Law to be
            Litigated at Trial ..................................................................14

IV.   EXHIBITS ..............................................................................15

      A.    Trial Exhibits ......................................................................15

      B.    Demonstrative and Summary Exhibits.......................................18

      C.    Opening Statements...............................................................19

V.    WITNESSES ...........................................................................20

      A.    Witnesses Expected to Be Called at Trial ...................................20

      B.    Deposition Designations ........................................................21

      C.    Disclosure of Witnesses for Trial.............................................24

VI.   MOTIONS IN LIMINE..............................................................25

VII.  LENGTH AND CONDUCT OF TRIAL ........................................26

VIII. AMENDMENT OF PLEADINGS .................................................27

IX.   SETTLEMENT NEGOTIATIONS ...............................................................27

X.    ADDITIONAL MATTERS ........................................................................27

    A.   Confidential Information at Trial ........................................................27

    B.   Sequestration of Witnesses...................................................................28

XI.   ORDER TO CONTROL COURSE OF ACTION .......................................29

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.  A bench trial in this matter is scheduled to begin on December 7, 2021.  In advance of the Pretrial Conference scheduled for December 6, 2021, counsel for Plaintiffs Marco Doda, DODA USA, Inc., and DODA COSTRUZIONE MACCHINE AGRICOLE, di Doda Aldo e C. snc (collectively, "DODA") and Defendants Waste Management, Inc., WM Intellectual Property Holdings, LLC, Waste Management National Services, Inc. and James L. Denson, Jr. (collectively, "Waste Management") submit this Joint Pretrial Order governing trial of this action pursuant to Fed. R. Civ. P. 16(e) and D. Del. LR 16.3.

**Counsel for DODA:**

David E. Moore
Bindu A. Palapura
Stephanie E. O'Byrne
POTTER ANDERSON & CORROON, LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
Wilmington, DE 19801

Grant D. Fairbairn
Timothy M. O'Shea
Barbara Marchevsky
FREDRIKSON & BYRON, P.A.
200 S. Sixth Street, Suite 4000
Minneapolis, MN 55402

Cara Donels
FREDRIKSON & BYRON, P.A.
111 East Grant Avenue, Suite 301
Des Moines, IA  50309

**Counsel for Waste Management:**

> Karen Jacobs
> Megan E. Dellinger
> Sarah E. Simonetti
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

> David M. Stein
> Franklin Krbecheck
> BROWN RUDNICK LLP
> 2211 Michelson Drive, Seventh Floor
> Irvine, CA 92612

## I. NATURE OF THE CASE

### A. The Parties

1. Plaintiff Marco Doda is a citizen and resident of the Italian Republic.

2. Plaintiff DODA USA, Inc. ("DODA USA") is a Minnesota corporation with its principal executive office address located at 225 16th Street South, St. James, Minnesota 56081.

3. Plaintiff DODA COSTRUZIONE MACCHINE AGRICOLE, di Doda Aldo e C. snc, is an Italian corporation ("DODA Italy") with its principal office located at Str. Salmaso Sante, 20, 46010 Curatone, Italy.

4. Defendant Waste Management, Inc. ("WMI") is a Delaware corporation with a principal place of business at 800 Capitol Street, Suite 3000, Houston, Texas 77002 and a registered agent address at 1209 Orange Street, Wilmington, Delaware 19801.

5.      Defendant WM Intellectual Property Holdings, LLC ("WMIP") is a Delaware limited liability company with a principal place of business at 800 Capitol Street, Suite 3000, Houston, Texas 77002 and a registered agent address at 1209 Orange Street, Wilmington, Delaware 19801.

6.      Defendant Waste Management National Services, Inc. ("WMNS") is a Delaware corporation with a principal place of business at 800 Capitol Street, Suite 3000, Houston, Texas 77002 and a registered agent address at 1209 Orange Street, Wilmington, Delaware 19801.

7.      Defendant James L. Denson Jr. ("Denson") is a citizen of the State of Oregon and is an employee of Waste Management of Washington, Inc.

**B.      Nature of the Action and Claims to Be Asserted at Trial**

8.      **DODA's Statement:** As stated in DODA's Second Amended Complaint (D.I. 66), DODA brings this action asserting three claims.  First, DODA seeks under 35 U.S.C. § 256 to correct the inventorship of U.S. Patent Nos. 8,926,841 ("the '841 Patent") and 10,486,995 ("the '995 Patent") by adding Plaintiff Marco Doda as a co-inventor to both patents (Count I).  Second, DODA seeks damages for breach of contract for Waste Management's violations of the parties' two non-disclosure agreements by disclosing and misusing DODA's confidential information without authorization to obtain the patents-in-suit (Count II).  Third, DODA seeks damages for Waste Management's breach of the implied covenant of

3

good faith and fair dealing (Count III).  The parties agreed that no terms of the patents-in-suit require construction for purposes of resolving the present inventorship dispute.  As a result, the claims' plain and ordinary meaning governs.

9.     **Defendants' Position:** As stated in Waste Management's Amended Answer to DODA's Second Amended Complaint (D.I. 68), Waste Management denies that Marco Doda should be added as a co-inventor on the '841 or '995 Patents; denies that Waste Management breached the parties' two non-disclosure agreements; and denies that Waste Management breached the implied covenant of good faith and fair dealing.  Waste Management further denies that DODA is entitled to any damages and further alleges that the contract claims are barred by the statute of limitations and that DODA cannot show equitable tolling.  Defendants believe that the plain and ordinary meaning governs the claim terms.  To the extent, however, there is a claim construction dispute as to the plain and ordinary meaning, Defendants request that the Court resolve it in the context of this bench trial.

### C.     Brief Statement of What DODA Intends to Prove in Support of Its Claims

10.     DODA's statement of intended proof is limited to the issues for which DODA bears the burden of proof at trial, and it does not address the proof that DODA may choose to present in rebuttal to the defenses that Waste Management may present in its case-in-chief.  DODA reserves the right to revise this statement based on Waste Management's statement of intended proof or any further decisions

or orders of the Court.   DODA incorporates by reference their statements of contested facts and issues of law in Exhibits 2 and 4, respectively.  The following statements are not exhaustive, and DODA reserves the right to prove any matters identified in their pleadings, interrogatory responses, or expert reports.

11.   DODA will prove by clear and convincing evidence that Plaintiff Marco Doda should be named as a joint inventor on the '841 and '995 Patents.

12.   DODA will prove by clear and convincing evidence that Marco Doda (a) contributed in some significant manner to the conception or reduction to practice of the inventions in the '841 and '995 Patents; (b) made a contribution to the conception of the claimed inventions that is not insignificant in quantity when that contribution is measured against the dimension of the full inventions; and (c) did more than merely explain well-known concepts or the current state of the art at the relevant time.

13.   DODA will also prove by a preponderance of the evidence that Waste Management breached the parties' two non-disclosure agreements.

14.   DODA will show by a preponderance of the evidence that the parties entered into two non-disclosure agreements that prohibited Waste Management from disclosing or using, for any purpose other than business negotiations, DODA's confidential and proprietary information; Waste Management violated those non-disclosure agreements by disclosing and misusing DODA's confidential and

proprietary information without authorization to obtain the two patents-in-suit; and DODA was damaged as a result.

15.    Further, DODA will prove by a preponderance of the evidence that Waste Management breached the implied covenant of good faith and fair dealing.

16.    DODA will show by a preponderance of the evidence that implied in both of the parties' non-disclosure agreements is a covenant of good faith and fair dealing that prohibited Waste Management from acting arbitrarily or unreasonably, thereby frustrating the fruits of the bargain of those agreements which DODA reasonably expected; Waste Management breached the implied covenant by misusing and disclosing DODA's confidential and proprietary information to obtain the patents-in-suit, including actions not expressly addressed by the terms of the non-disclosure agreements; and DODA was damaged as a result.

17.    In addition, DODA will prove by a preponderance of the evidence that the statute of limitations for DODA's claims for breach of contract and breach of the implied covenant of good faith and fair dealing should be tolled under the doctrines of "inherently unknowable injuries" and "fraudulent concealment."

18.    DODA will prove by a preponderance of the evidence that both doctrines apply to toll the statute of limitations because Waste Management affirmatively assured DODA that it would not seek to patent any of DODA's

technology and never informed DODA that Waste Management was using any of DODA's protected information in its patent application.

19.     DODA is entitled to a judgement correcting the inventorship of the '841 and '995 Patents to reflect Plaintiff Marco Doda as a joint inventor.

20.     DODA is also entitled to damages in an amount adequate to compensate DODA for its expectation damages based on Waste Management's breaches of contract and the implied covenant of good faith and fair dealing.  DODA's damages expert has concluded that DODA is entitled to total damages in the range of approximately $5,400,000-$14,568,199.  DODA is also entitled to pre- and post-judgment interest on any damages award.

21.     DODA is further entitled to its reasonable attorneys' fees and costs; a finding that this case is exceptional under 35 U.S.C. § 285; and such further relief in law or equity as this Court deems just and proper.

### D.     Brief Statement of What Waste Management Intends to Prove as Defenses

22.     Waste Management does not bear the burden of proof on any issue (except as to whether the statute of limitations applies, which is not disputed), and thus its statement of intended proofs addresses its rebuttal to the issues for which DODA bears the burden of proof at trial.  Waste Management reserves the right to revise this statement based on DODA's statement of intended proof or any further decisions or orders of the Court.  Waste Management incorporates by reference its

statements of contested facts and issues of law in Exhibits 3 and 5, respectively.  The following statements are not exhaustive, and Waste Management reserves the right to prove any matters identified in its pleadings, interrogatory responses, or expert reports.

23.     DODA will not be able to prove by clear and convincing evidence that Plaintiff Marco Doda should be named as a joint inventor on the challenged claims of the '841 or '995 patents.  DODA will not be able to prove by clear and convincing independently corroborated evidence that Marco Doda made a contribution to the conception of the challenged claims of the '841 or '995 patents as a whole that was not insubstantial when measured against the scope of the invention as a whole and that was more than merely explaining to Mr. Denson concepts that were well-known or the current state of the art or that was merely reduction to practice of the claimed invention.

24.     Waste Management intends to rebut any evidence introduced by DODA that Marco Doda contributed in a significant manner to the conception of the inventions of the challenged claims of the '841 and '995 patents; made an inventive contribution to the conception of the claimed inventions as a whole that is not insignificant in quantity or quality when measured against the dimension of the full inventions; or did more than merely explain well-known concepts or the current state

of the art to the true inventor, or merely aid him in reducing the claimed invention to practice.

25.     Waste Management intends to rebut that Marco Doda made an inventive contribution to the conception of the inventions claimed in the challenged claims of Waste Management's '841 and '995 patents that was not already a well-known concept or part of the state of the art or was not merely reduction to practice of the claimed inventions.

26.     Waste Management intends to rebut that Marco Doda collaborated on the conception of the inventions of Waste Management's '841 and '995 patents as a whole such that both Mr. Denson and Mr. Doda contributed to the joint arrival of a definite and permanent idea of the invention as a whole as it would be used in practice.

27.     Waste Management intends to rebut that Marco Doda had a firm and definite idea of the claimed combination as a whole.

28.     Waste Management intends to rebut that Marco Doda's alleged inventive contributions to Waste Management's '841 and '995 patents are sufficiently corroborated by independent contemporaneous evidence.

29.     DODA will not be able to prove by a preponderance of the evidence that Waste Management breached the 2010 NDA, the 2012 NDA, or any implied covenant therein.

30.    Waste Management intends to show that DODA has not identified with specificity what allegedly confidential information purportedly was misused by Defendants or how it was misused to obtain the patents (let alone that the patents could not be obtained without it).

31.    Waste Management intends to show that DODA cannot prove the use of any additional allegedly confidential information that was not already disclosed in June 2011 with the filing of the '843 patent application.

32.    Waste Management intends to show that DODA cannot prove that any such allegedly misused confidential information (1) was not already publicly available; (2) did not originate with Defendants; (3) was not owned by Defendants; and (4) was properly designated as confidential or proprietary pursuant to the terms of the NDAs.

33.    Waste Management intends to show that DODA cannot prove the breach of any implied covenant in either the 2010 NDA or 2012 NDA that is not already covered by the explicit terms of the NDAs.

34.    Waste Management intends to show that DODA cannot use the implied covenant of good faith and fair dealing to create a free-floating duty not covered by the terms of the 2010 NDA or 2012 NDA.

35.    Waste Management intends to rebut any proof offered by DODA of any alleged breach of an implied covenant of good faith and fair dealing in the 2010 NDA or the 2012 NDA.

36.    Waste Management intends to show that DODA cannot prove any non-speculative, foreseeable damages proximately caused by Defendants' alleged breach of the 2010 NDA and/or the 2012 NDA or any implied covenant thereof.

37.    Waste Management intends to show that DODA cannot prove that the parties would have reasonably expected DODA to be compensated according to exclusivity discussions that were never consummated, where the NDAs alleged to be breached disclaim any obligation to enter into a business relationship.

38.    Waste Management intends to rebut any proof offered by DODA of damages for the alleged breach, and contends that DODA has not proven their entitlement to anything more than nominal damages in the event the Court were to find a breach.  In particular, DODA will not be able to prove that the value of unexecuted exclusivity discussions are a reasonable "proxy" for the value of the allegedly misused confidential information, which DODA does not even identify or allocate.

39.    Waste Management intends to show that DODA cannot prove that their alleged damages would put DODA in the same position they would have been had

the contracts been performed or that their alleged damages would not result in a windfall.

40.     Waste Management intends to prove that DODA's claims of breach of the 2010 NDA, the 2012 NDA and the implied covenant of good faith and fair dealing are barred by the statute of limitations, 10 Del. C. § 8106. DODA will not be able to meet their burden to prove tolling of the statute of limitations under either the inherently unknowable or fraudulent concealment doctrines.

41.     Waste Management intends to show that DODA cannot prove that the alleged breach was inherently unknowable by establishing both that it was practically impossible to discover, and that they were blamelessly ignorant and exercised reasonable diligence.  DODA will not be able to show that they were not told of the patent application, or that Waste Management intended to file for patents. In addition, the '843 application published in December 2012, making it available for the world to see, and constituting at least constructive notice.

42.     In the event DODA could prove tolling under either the inherently unknowable or fraudulent concealment standard, Waste Management intends to show that DODA cannot prove that they were not on inquiry notice of their claims at least as of December 2012, when the '843 application published and the parties' business discussions had ended.

43.     Waste Management intends to show that DODA cannot prove that the alleged breach was fraudulently concealed.  Waste Management intends to rebut any evidence offered by DODA that Waste Management made an intentional misstatement, that was an act of actual artifice, that was intended to, and did, lead DODA off the trail of inquiry, and on which DODA justifiably relied.

44.     Waste Management is entitled to its reasonable attorneys' fees and costs; a finding that this case is exceptional under 35 U.S.C. § 285; and such further relief in law or equity as this Court deems just and proper.

## II.    JURISDICTION AND VENUE

45.     This Court has subject matter jurisdiction over the pending claims under 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.  No party contests personal or subject matter jurisdiction for purposes of this action.

46.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c).  No party contests venue for purposes of this action.

## III.   STATEMENTS

47.     The following statements are submitted and attached to and made a part of this Order.

### A.    Joint Statement of Uncontested Facts

48.     Attached as **Exhibit 1** are facts that are not disputed or have been agreed to or stipulated by the parties and require no proof at trial.  The facts set forth

in **Exhibit 1** will become part of the evidentiary record in the case and may be considered by the Court to be established. Either party, with prior notice to the other party, may seek the Court's permission to read any or all of the uncontested facts to the Court, and will be charged for the time used to do so.

> **B.** **Parties' Statements of Contested Issues of Fact and Law to be Litigated at Trial**

49.  DODA's statement of contested issues of fact is attached as **Exhibit 2.**

50.  Waste Management's statement of contested issues of fact is attached as **Exhibit 3**.

51.  DODA's statement of contested issues of law is attached as **Exhibit 4.**

52.  Waste Management's statement of contested issues of law is attached as **Exhibit 5.**

53.  If the Court determines that any issue identified in the statements of contested issues of fact is more properly considered an issue of law, it should be so considered. Similarly, if any issue identified in the statement of contested issues of law is more properly considered an issue of fact, it should be so considered.

54.  The parties reserve the right to modify or supplement their statements of facts and law only to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## IV.   EXHIBITS

### A.   Trial Exhibits

55.     DODA's list of pre-marked trial exhibits, and Waste Management's objections thereto, are attached as **Exhibit 6**.  DODA's trial exhibits will be marked as PTX-1, *et seq.*

56.     Waste Management's list of pre-marked exhibits, and DODA's objections thereto, are attached as **Exhibit 7**.  Waste Management's trial exhibits will be marked as DTX-1, *et seq.*

57.     The parties' joint list of exhibits is attached as **Exhibit 8**, and joint exhibits will be marked as JTX-1, *et seq.*  Inclusion of an exhibit on the joint exhibit list is a waiver of either party's right to object to the admissibility of the listed joint exhibit by the offering party at trial.

58.     The parties agree that any description of a document on an exhibit list in **Exhibits 6-8** is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

59.     Subject to the remaining provisions of this Order, no party may add to its exhibit list or use at trial an exhibit not present on its list or the joint exhibit list absent good cause, other than for purposes of impeachment.  Each party reserves the right to offer exhibits from any other party's trial exhibit list, even if not separately listed on its own exhibit list.  Any exhibit, once admitted at trial, may be used equally

by each party for any proper purpose in accordance with the Federal Rules of Evidence. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document, and each party reserves the right to object to the relevancy and admissibility of any evidence on its list when offered by the other party, in view of the specific context in which such evidence is offered.

60.     Exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial. Such exhibits used solely for impeachment and not included on an exhibit list may not be admitted into evidence. Likewise, the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective exhibit lists and will not be admitted into evidence, absent agreement by the parties. The parties will exchange copies of demonstratives in accordance with agreed-upon procedures set forth below.

61.     Any exhibit identified on a party's exhibit list and not objected to is deemed to be authentic and admissible and may be entered into evidence by the party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

62.     The parties stipulate to the authenticity of the documents listed in the attached exhibit lists unless such objections are specifically and expressly preserved

16

therein.  The parties further agree that they will not dispute the authenticity of any document that was produced during discovery, which on its face appears to have been authored by an employee, officer or agent of the producing party in the ordinary course of business, and that such documents shall be deemed prima facie authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe the document is not authentic and subject to any contrary determination or ruling by the Court.

63.     Legible photocopies of documents may be offered and received into evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

64.     Legible copies of United States patents and the contents of USPTO file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of uncertified copies, and the Court shall take judicial notice of same.

65.     Except as to documents for which the Court may take judicial notice, no exhibit will be admitted unless offered into evidence during the trial through a witness.  At some point during trial, any party that has used an exhibit with a witness

and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number.  Each party reserves its right to make objections provided in paragraphs 55-57 and 59 at the time such exhibit is offered.

66.    The parties agree that they need not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross examination.

67.    On or before the first day of trial, counsel for each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list.

**B.    Demonstrative and Summary Exhibits**

68.    DODA's demonstrative exhibits will be identified by numbers prefixed with "PDX."  Waste Management's demonstrative exhibits will be identified by numbers prefixed with "DDX."

69.    The parties shall exchange complete color representations of demonstrative exhibits in PDF form by no later than 7:00 p.m. on the day before the demonstrative is to be used.[1]  For video or animations, the party seeking to use the demonstrative will provide it to the other side via e-mail or FTP site.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5" x 11" copies of the exhibits, as well as make the demonstrative exhibit available for inspection.

---

[1]    For avoidance of doubt, all times herein are Eastern Standard Time.

70.     The parties' objections to the demonstrative exhibits, if any, shall be exchanged no later than 9:00 p.m. on the day before the demonstrative is to be used. The parties shall then meet and confer no later than 10:00 p.m. in a good faith effort to resolve the objections.

71.     If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention at the start of the next trial day.

72.     The provisions in paragraphs 68-70 do not apply to demonstratives created during testimony or demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony that are not prepared in advance are not required to be provided to the other side before their use with a witness.

### C.     Opening Statements

73.     The parties will exchange demonstratives to be used in opening statements by 7:00 p.m. two nights before opening statements. The parties will provide any objections to such demonstratives by 12:00 p.m. (noon) on the day before opening statements. The parties shall meet and confer on any objections no later than 6:00 p.m. the day before opening statements. If any of the demonstratives change after the deadline or after the parties confer, the party intending to use the

demonstrative will promptly notify the opposing party of the change(s).  If good faith efforts to resolve the objections fail, the party objecting shall bring its objections to the Court's attention prior to the start of the trial day.

74.     By way of example, if opening statements are to be held on December 7, 2021, the parties shall exchange any demonstrative exhibits they intend to use during opening statements no later than 7:00 p.m. on Sunday, December 5, 2021, and the other party may provide objections by 12:00 noon on Monday, December 6, 2021, and the parties shall meet and confer on objections by 6:00 p.m. that day.

## V.   WITNESSES

### A.   Witnesses Expected to Be Called at Trial

75.     DODA's list of the names and states of residence of the fact and expert witnesses that they intend to call at trial, including Waste Management's objections thereto, is attached as **Exhibit 9**.

76.     Waste Management's list of the names and states of residence of the fact and expert witnesses that they intend to call at trial is attached as **Exhibit 10**.

77.     The witness lists indicate which witnesses the party intends to call and whether the party intends to call that witness live or by deposition.  With respect to witnesses who will be called to testify at trial live, no deposition designations or counter-designations are required (except that the opposing party reserves the right to use or play deposition designations of a witness appearing live if otherwise

admissible for such purpose). If a witness on a party's list is within the control of the opposing party and is designated by the party to be called live, the opposing party will within four business days inform the party if that witness will not be called live. In that event, the party may designate specific pages and lines of transcript that it intends to read or play in lieu of the witness's appearance at least 72 hours prior to introducing the deposition testimony.

78. A party shall not be permitted to call a witness unless identified in this Order, or unless the Court determines that in the interests of justice such witness should be called for good cause shown.

**B.     Deposition Designations**

79. DODA's list of deposition designations that they may offer at trial is attached as **Exhibit 11.** Also included in Exhibit 11 are Waste Management's objections and counter-designations to the testimony offered by DODA, as well as DODA's objections to Waste Management's counter-designations and DODA's counter-counter designations.

80. Waste Management's list of deposition designations that it may offer at trial is attached as **Exhibit 12**. Also included in Exhibit 12 are DODA's objections and counter-designations to the testimony offered by Waste Management, as well as Waste Management's objections to DODA's counter-designations and Waste Management's counter-counter designations.

81.     For those depositions that have been videotaped, a party may introduce the deposition excerpt by videotape instead of or in addition to by transcript.  If a party opts to introduce deposition testimony by videotape, any counter-designations of that same witness's deposition testimony shall also be submitted by videotape. All opening deposition designations and counter-designations shall be played or read together in the order they appear in the deposition transcript, regardless of the type of designation.  Each party shall be charged with the time necessary to read or play its designations, based on the time taken to play or read the parties' designations. Copies of exhibits referred to during the introduction of deposition testimony will be offered into the trial evidence record to the extent admissible.

82.     The parties agree that all irrelevant and redundant material, such as objections, colloquy between counsel, long pauses, and requests to have the court reporter read back a question, may be eliminated when the deposition video is played or the transcript read at trial.

83.     If one party drops any portion of a deposition that it previously designated or counter-designated, the opposing party shall be allowed to use that testimony, even if it was not originally designated or counter-designated by that party, with time to read or play the designation charged to that opposing party and subject to any objections by the originally designating party.  In addition, each party shall have the right to offer any testimony that either party designated as either an

affirmative designation or a counter designation, regardless of how that testimony was originally designated.  Absent good cause shown, the parties may only introduce the deposition testimony designated in this Pretrial Order, except for deposition testimony offered solely for purposes of impeachment.

84.     For those witnesses to be presented via deposition testimony, the parties agree that the proffering party will provide the initial deposition designations (by page and line number) that are actually intended to be played or read at trial, or a disclosure that all pages and lines previously designated will be played by 7:00 p.m. three days prior to the day that testimony will be offered.  By 7:00 p.m. the following day (two days prior to the day that the testimony will be offered), the other party will provide the specific pages and lines it counter-designates and any objections.  By 9:00 p.m. the same day, the proffering party will provide objections. The parties shall meet-and-confer by 10:00 p.m. the same day regarding any objections to the deposition designations. If the objections to the disputed testimony cannot be resolved by the parties, the objections will be presented to the Court as appropriate before trial resumes on the next day (the day before the testimony is expected to be introduced).  By 7:00 p.m. the day before the witness will be offered by videotaped deposition, the offering party will provide to all parties the transcript clip and a copy of the video containing the designations from all parties for that witness, inclusive of objected-to portions.

85.    For rebuttal deposition testimony where compliance with the three-day deadline in the preceding paragraph is impracticable, such deadline shall not apply, and the parties will act in good faith to designate rebuttal testimony in time to allow for counter-designations, and any objections, and the parties will meet and confer to resolve the objections and to give the introducing party time to prepare any necessary video/DVD of the testimony.

### C.    Disclosure of Witnesses for Trial

86.    Each party shall disclose by email the witnesses it intends to call at trial, whether live or by deposition, by 7:00 p.m. two days before the witness is expected to be called, in the order in which the witnesses shall be presented.  For each witness, the party must identify in the e-mail any exhibits it intends to use with that witness. The opposing party shall provide any objections to the exhibits by 7:00 p.m. the following day (the day before the witness is expected to be called), and the parties shall meet and confer by 9:00 p.m. that day in an effort to resolve any objections. Any objections that are not resolved shall be brought to the Court no later than the morning before the witness is expected to testify.

87.    The parties agree that they need not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross examination, [**Waste Management's position**: subject to paragraph 88 below].

88.     To the extent a party elects to cross examine an adverse witness in its case-in-chief, it shall give notice of such at least five calendar days before trial, and the opposing party may exceed the scope of the cross examination testimony in direct examination following the cross examination, and may re-direct following re-cross, such that the witness need only appear once. [**Waste Management's position**: To the extent a party elects to cross examine an adverse witness in its case-in-chief, then it must follow the disclosure requirements for trial exhibits and demonstrative exhibits set forth in paragraphs 69 and 86 (under DODA's proposal, the calling party going first would not be required to disclose its trial and demonstrative exhibits while the opposing party going second would have to reveal in advance such exhibits)]

89.     Prior to the start of the direct or cross examination of any witness, the parties agree to provide the other with two copies of witness binders that contain all of the exhibits expected to be used on direct or cross examination of that witness. The parties will also make available to the Court, the court reporter, the clerk, and the witness binders of exhibits to be used during direct or cross examination of the witness.

## VI.   MOTIONS IN LIMINE

90.     Waste Management's first motion in limine, together with DODA's response and Waste Management's reply, is attached as **Exhibit 13**.

91.     Waste Management's second motion in limine, together with DODA's response and Waste Management's reply, is attached as **Exhibit 14**.

## VII.  LENGTH AND CONDUCT OF TRIAL

92.     This case will be tried before the Court and not a jury.

93.     The Court has set this case for a 3-day trial, beginning at 8:30 a.m. on December 7, 2021.  Subsequent trial days shall begin at 9:00 a.m.

94.     The trial will be timed.  The parties propose 10 hours per side, which includes openings and evidence and excludes closings.

95.     Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, and testimony by deposition that it has designated.  The Courtroom Deputy will keep a running total of trial time used by counsel.

96.     The order of the trial shall be:

   i.     Opening statements (Plaintiffs first, followed by Defendants);

   ii.    Plaintiffs' presentation of evidence for issues for which Plaintiffs bear the burden of proof (i.e., correction of inventorship, breach of contract, and breach of the implied covenant);

   iii.   Defendants' presentation of evidence rebutting Plaintiffs' presentation;

iv.   [**DODA's Position:** Plaintiffs' presentation of expert testimony in reply to Defendants' presentation of expert testimony; and]

v.   Closing arguments (Plaintiffs' argument, followed by Defendants' argument [**DODA's Position**: , and Plaintiff's reply]).

## VIII.  AMENDMENT OF PLEADINGS

97.   No party has moved to amend its pleadings.

## IX.   SETTLEMENT NEGOTIATIONS

98.   The parties certify they have made a good-faith effort to resolve the dispute but were not successful.

## X.   ADDITIONAL MATTERS

The parties respectfully submit the following matters for the Court's consideration:

### A.   Confidential Information at Trial

99.   The parties do not anticipate requesting that the Courtroom be sealed during any portion of the trial.

100.   The parties agree to follow the provisions in the Amended Protective Order (D.I. 79; May 18, 2020 Order), regarding the confidentiality of exhibits used at trial, including specifically Section 7.4.  Nonetheless, the presentation of evidence at trial shall take place in open court, unless a party specifically requests, and the

Court agrees, that the Court be closed to the public during presentation of certain portions of the evidence.

101.    Any party that moves to seal an exhibit or protect certain information from public disclosure during trial shall make such request at the beginning of the day in which the exhibit or information is expected to be introduced, and in any event before the close of evidence.   A motion to seal any document will not, unless otherwise requested, require the Court to seal the Courtroom or the transcript.

### B.    Sequestration of Witnesses

102.    Pursuant to Federal Rule of Evidence 615, the parties request that the Court prevent fact witnesses, other than witnesses who have already testified, been excused, and will not testify again, from hearing the testimony of other witnesses. No expert witnesses can be excluded from any portion of the trial.  The parties further request that in accordance with Rule 615, this exclusion rule will not apply to any party or to the officer or employee designated by each corporate party as its representative, or the expert witnesses of either party.  The corporate representatives need not have been listed in the Amended Protective Order.  However, if a corporate representative is not listed in the Protective Order, that representative may not have access to the other party's confidential information except for that presented at trial. The corporate representatives agree through their attendance at trial under this provision to maintain in confidence the confidential information of the opposing

28

party and all third parties that is presented during any closed portion of the trial, and to use such information only in connection with this litigation and not for any other purpose.

## XI.   ORDER TO CONTROL COURSE OF ACTION

103.    This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: _____        _____
                                    United States Chief District Judge

Approved as to form and substance:

POTTER ANDERSON & CORROON LLP          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Bindu A. Palapura*                 */s/ Sarah E. Simonetti*
David E. Moore (#3983)                  Karen Jacobs (#2881)
Bindu A. Palapura (#5370)               Megan E. Dellinger
Stephanie E. O'Byrne (#4446)            Sarah E. Simonetti
Hercules Plaza, 6th Floor               1201 North Market Street
1313 N. Market Street                   P.O. Box 1347
Wilmington, DE 19801                    Wilmington, DE 19899
(302) 984-6000                          (302) 658-9200
dmoore@potteranderson.com               kjacobs@morrisnichols.com
bpalapura@potteranderson.com            mdellinger@morrisnichols.com
sobyrne@potteranderson.com              ssimonetti@morrisnichols.com

OF COUNSEL:                             OF COUNSEL:

Grant D. Fairbairn                      David M. Stein
Laura L. Myers                          Franklin Krbecheck
Timothy M. O'Shea                       BROWN RUDNICK LLP
Barbara Marchevsky                      2211 Michelson Drive, Seventh Floor
FREDRIKSON & BYRON, P.A.                Irvine, CA 92612
200 South Sixth Street, Suite 4000      (949) 752-7100
Minneapolis, MN 55402
(612) 492-7000
                                        *Attorneys for Defendants Waste*
                                        *Management, Inc., WM Intellectual*
Cara Donels                             *Property Holdings, LLC, Waste*
FREDRIKSON & BYRON, P.A.                *Management National Services, Inc. and*
111 East Grand Avenue, Suite 301        *James L. Denson, Jr.*
Des Moines, IA 50309
(515) 242-8900

*Attorneys for Plaintiffs Marco Doda,*
*DODA USA, Inc., and DODA*
*COSTRUZIONE MACCHINE*
*AGRICOLE, di Doda Aldo e C. snc*

Dated: November 23, 2021
7499714/49677